# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ROBERT FORBES,<br><br>   Plaintiff,<br><br>   v.<br><br>DONNEY YOUNGBLOOD,<br><br>   Defendant. | Case No.  1:15-cv-01743-DAD-JLT (PC)<br><br>**FINDINGS AND RECOMMENDATIONS TO DISMISS COMPLAINT WITH PREJUDICE FOR FAILURE/INABILITY TO STATE A CLAIM AND IMPOSE A STRIKE PER 28 U.S.C. §1915(g).**<br><br>**(Doc. 1)**<br><br>**30-DAY DEADLINE** |

In this action, Plaintiff complains that he was given the wrong property pouch when he was released on bail and that his property pouch was given to someone else.  (Doc. 1.)  Plaintiff seeks redress for the loss of the items in his property pouch and for the exposure of his personal information by Kern County Jail staff.  For the reasons discussed herein, Plaintiff fails and is unable to state a cognizable claim under 42 U.S.C. § 1983 such that this action should be **DISMISSED** with prejudice.

**I.  Screening Requirement**

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity.  28 U.S.C. § 1915A(a).  A complaint or portion thereof in which a prisoner raises claims that are legally frivolous, malicious, fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief must be dismissed.  28 U.S.C. §

1

1915A(b)(1),(2); 28 U.S.C. § 1915(e)(2)(B)(i)-(iii).

Section 1983 "provides a cause of action for the deprivation of any rights, privileges, or immunities secured by the Constitution and laws of the United States." *Wilder v. Virginia Hosp. Ass'n*, 496 U.S. 498, 508 (1990) (quoting 42 U.S.C. § 1983). Section 1983 is not itself a source of substantive rights, but merely provides a method for vindicating federal rights conferred elsewhere. *Graham v. Connor*, 490 U.S. 386, 393-94 (1989). To state a claim under § 1983, a plaintiff must meet two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated and (2) that the alleged violation was committed by a person acting under the color of state law. *See West v. Atkins*, 487 U.S. 42, 48 (1988); *Ketchum v. Alameda Cnty.*, 811 F.2d 1243, 1245 (9th Cir. 1987).

### A. Summary of the Complaint

Plaintiff alleges that he was released from custody in the Kern County Jail on January 26, 2015. As he was being released, they discovered that his personal property pouch had been mistakenly given to another individual who had been released six days prior. Plaintiff alleges that the pouch contained his driver's license, social security card, express bank card, green dot card, medical card, $18.00, seven certification cards, a picture of his grandparents and father who are all now deceased, and the keys to his vehicle. Plaintiff states that he filed a claim with the County's Risk Management Department and while they acknowledge the mistake, they have only offered him $100 in remuneration. Plaintiff alleges that this is insufficient for what basically amounts to disclosure of all of his personal/identity information and that he is unable to take necessary steps to protect his information/identity since he is now in the custody of the California Department of Corrections and Rehabilitation. Plaintiff seeks monetary, declaratory, and injunctive relief.

Plaintiff may be able to pursue his allegations under state law, but as discussed in greater detail below, they do not rise to the level of a cognizable claim under § 1983 such that this action should be **DISMISSED** with prejudice.

///

///

### B. <u>Pleading Requirements</u>

#### 1. **Federal Rule of Civil Procedure 8(a)**

"Rule 8(a)'s simplified pleading standard applies to all civil actions, with limited exceptions," none of which applies to section 1983 actions. *Swierkiewicz v. Sorema N. A.*, 534 U.S. 506, 512 (2002); Fed. R. Civ. Pro. 8(a). A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief . . . ." Fed. R. Civ. Pro. 8(a). "Such a statement must simply give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests." *Swierkiewicz*, 534 U.S. at 512.

Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009), quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). Plaintiff must set forth "sufficient factual matter, accepted as true, to 'state a claim that is plausible on its face.'" *Iqbal*, 556 U.S. at 678, quoting *Twombly*, 550 U.S. at 555. Factual allegations are accepted as true, but legal conclusions are not. *Iqbal.* at 678; *see also Moss v. U.S. Secret Service*, 572 F.3d 962, 969 (9th Cir. 2009); *Twombly*, 550 U.S. at 556-557.

While "plaintiffs [now] face a higher burden of pleadings facts . . . ," *Al-Kidd v. Ashcroft*, 580 F.3d 949, 977 (9th Cir. 2009), the pleadings of pro se prisoners are still construed liberally and are afforded the benefit of any doubt. *Blaisdell v. Frappiea*, 729 F.3d 1237, 1241 (9th Cir. 2013); *Hebbe v. Pliler*, 627 F.3d 338, 342 (9th Cir. 2010). However, "the liberal pleading standard . . . applies only to a plaintiff's factual allegations," *Neitze v. Williams*, 490 U.S. 319, 330 n.9 (1989), "a liberal interpretation of a civil rights complaint may not supply essential elements of the claim that were not initially pled," *Bruns v. Nat'l Credit Union Admin.*, 122 F.3d 1251, 1257 (9th Cir. 1997) quoting *Ivey v. Bd. of Regents*, 673 F.2d 266, 268 (9th Cir. 1982), and courts are not required to indulge unwarranted inferences, *Doe I v. Wal-Mart Stores, Inc.*, 572 F.3d 677, 681 (9th Cir. 2009) (internal quotation marks and citation omitted). The "sheer possibility that a defendant has acted unlawfully" is not sufficient, and "facts that are 'merely consistent with' a defendant's liability" fall short of satisfying the plausibility standard. *Iqbal*, 556 U.S. at 678, 129 S. Ct. at 1949; *Moss*, 572 F.3d at 969. Plaintiff must identify specific facts supporting the

existence of substantively plausible claims for relief, *Johnson v. City of Shelby*, __ U.S. __, __, 135 S.Ct. 346, 347 (2014) (per curiam) (citation omitted).

## II. Analysis

### A. Plaintiff's Claims

#### 1. Deprivation of Property

Authorized, intentional deprivations of property are actionable under the Due Process Clause. *see Hudson v. Palmer*, 468 U.S. 517, 532, n. 13 (1984); *Quick v. Jones*, 754 F.2d 1521, 1524 (9th Cir. 1985)  However, the Due Process Clause is violated only when the agency "prescribes and enforces forfeitures of property without underlying statutory authority and competent procedural protections," *Nevada Dept. of Corrections v. Greene*, 648 F.3d 1014, 1019 (9th Cir. 2011) (citing *Vance v. Barrett*, 345 F.3d 1083, 1090 (9th Cir. 2003)) (internal quotations omitted).  There is no cause of action under 42 U.S.C. § 1983 for an unauthorized deprivation of property, either intentional or negligent, by a government employee if a meaningful state post-deprivation remedy for the loss is available. *Hudson*, 468 U.S. at 533.  California law provides an adequate post-deprivation remedy for any property deprivations. *Barnett v. Centoni*, 31 F.3d 813, 816-817 (9th Cir. 1994) (citing Cal. Gov't Code §§ 810-895).  Here, Plaintiff admits that there was a procedure in place and he filed a claim related to his missing property.  Indeed, he alleges that he filed the claim and the entity offered him payment.  The fact that he disagrees with the amount offered does not translate this action into a constitutional claim.  Thus, Plaintiff's allegations that his property was mistakenly given to the wrong person is not cognizable under section 1983 and may not be pursued in this court.

#### 2. State Law Claims

Plaintiff may be able to pursue this action under California law in state court.  However, the Court is unable to adjudicate the state law claims absent federal jurisdiction.

## III. CONCLUSION

Plaintiff's Complaint fails to state a cognizable claim under federal law against any of the named Defendants.  Given the nature of Plaintiff's allegations, the deficiencies in Plaintiff's pleading are not capable of being cured through amendment, *Akhtar v. Mesa*, 698 F.3d 1202,

1212-13 (9th Cir. 2012), and Plaintiff should not be given leave to amend his section 1983 claims.

Accordingly, the Court RECOMMENDS that this entire action be dismissed with prejudice and that this dismissal count as a strike for purposes of 28 U.S.C. §1915(g).

These Findings and Recommendations will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(l).  **Within 30 days** after being served with these Findings and Recommendations, Plaintiff may file written objections with the Court.  The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Plaintiff is advised that failure to file objections within the specified time may result in the waiver of rights on appeal.  *Wilkerson v. Wheeler*, 772 F.3d 834, 839 (9th Cir. Nov. 18, 2014) (citing *Baxter v. Sullivan*, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated:   **February 25, 2016**              **/s/ Jennifer L. Thurston**
                                            UNITED STATES MAGISTRATE JUDGE